EPHRAIM TOMLINSON, appellant, *and* JOHN C. SMALLWOOD and others, respondents.

An assignee, under the act entitled "an act to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors," is not chargeable with interest on the dividend in his hands due to a creditor, although he may have delayed settling his final account in the Orphans Court for a much longer time than is allowed by the statute for that purpose, unless the claim of the creditor to his dividend was in some way affected by the noncompliance of the assignee with the requirements of the statute.

The statute makes it the duty of the assignee to declare the dividends, and make distribution without any order or decree of the court for that purpose. The dividends become payable as soon as there is money in hand for the purpose, without any control or action of the court. The statute requires no notice to be given to the creditor—it is his duty to make application to the assignee.

The filing of a final account is not intended as notice to the creditor that the dividends are ready.

If the creditor was not delayed or hindered in the receipt of his dividend by the delay of the assignee in settling his final account, but failed to receive his pay only because he neglected to call on the assignee and demand it, he is not entitled to interest.

It would be most burthensome and unjust to lay down the rule, that it is the duty of an assignee to go to the creditors, and tender them their money, and that on failure of his doing so the assignee should be chargeable with interest on the money in his hands.

---

This case came before the Ordinary on an appeal from the Orphans Court of Gloucester county. The facts are sufficiently stated in the opinion of the Ordinary.

*Mr. Dudley,* for appellant, cited *Nix. Dig.* 28, § 2; 2 *Kent* 230; 2 *Williams on Executors* 1567 (*note* 1); *Gray* v. *Thompson,* 1 *J. C. R.* 82; *Burrell on Assignments* 539.

*W. L. Dayton*, Attorney General, contra, cited *Eakin* v. *Cattell*, 1 *Harr*. 103; *Lake* v. *Park*, 4 *Ib*. 108.

THE ORDINARY.  On the twenty-first of February, 1852, Benjamin Brown made an assignment, under the statute, for the benefit of his creditors, to the respondents, John C. Smallwood and Ephraim Tomlinson.  On the twenty-second of May, of the same year, the assignees, according to the requirement of the statute, filed with the clerk of Common Pleas of the county of Gloucester a list of the debtor's creditors, which exhibited debts amounting to $8104.22.  In the term of April, 1855, of the Orphans Court of the county of Gloucester, a rule was taken upon the assignees to file their accounts, and make a final settlement of the same, on or before the next term of the court.  In September term, 1855, the Orphans Court made an order that the assignees should file their accounts twenty days previous to the then next December term of the court.  On the sixth of December, and during the term of the court, the account was filed.

It appears, from the account, that there was in the hands of the assignees, to be distributed among the creditors, $2225.48.  They produced vouchers showing that all the creditors had been paid their dividends except Ephraim Tomlinson, whose dividend amounted, as appears by the account, to the sum of $266.22.

On the twenty-seventh of December, 1855, the appellant filed exceptions to the account.  By these exceptions, he claims interest on his dividend after one year from the date of the assignment.  On the argument of the exceptions before the Orphans Court, the judges being equally divided, the exceptions were not sustained, and an order was made accordingly.  From this order the appeal is taken.

It would be most burthensome and unjust to lay down the rule, that it is the duty of an assignee to go to the creditors and tender-them their money, and that on failure of his doing so, the assignee should be chargeable with interest on the money in his hands.  This is not contended for on behalf of

Tomlinson *v.* Smallwood.

the appellant. But it is insisted that, inasmuch as the statute requires that the assignees shall render a final account to the Orphans Court within a certain period, and they not having complied with such requirement, that neglect imposes upon them the duty of paying interest on the money in their hands to which the creditors were entitled. It appears to me that unless the claim of the creditor to his dividend was in some way affected by the noncompliance of the assignees with the requirement of the statute in reference to exhibiting their accounts, the court has no right to impose, as a penalty of such neglect, that the creditor shall be entitled to interest. If the assignees are to be charged with interest on money in their hands, it is because they have not paid it to the creditor promptly at the time when by law he was legally entitled to it. Did the neglect of the assignees to file their accounts delay or hinder the appellant in obtaining his dividend, or was it owing entirely to his own neglect in not applying to the assignees, that he did not receive it at the time when the other creditors received theirs?

The assignment was recorded in the clerk's office of the county according to law. At the expiration of three months after the date of the assignment, the assignees filed with the clerk a list of all the creditors of the debtor who had applied to them, with a true statement of their respective claims. No exception was filed to the claim of any creditor. The statute then imposed the duty upon the assignees to proceed and make, from time to time, fair and equal dividends among said creditors of the assets which had come to hand in proportion to their claims.

It will be observed that the statute imposes the duty upon the assignees to declare the dividends, and make distribution without any order or decree of the court for that purpose. The dividends become payable to the creditors, as soon as there is money in hand for the purpose, without any control or action of the court. The statute requires no notice to be given to the creditors. It is their duty to make application to the assignees, and it is the assignees' duty to give to the

Tomlinson *v.* Smallwood.

creditors, upon their application, such notice as will facilitate them in receiving promptly their money when it is due. In any of these respects the respondents have not been in default.

But the statute made it obligatory on the assignees to render a final account in the Orphans Court within a certain period named in the statute. At the instance of the appellant, the court cited them to account. And although they ought to have filed such account on or before the twenty-second of May, 1853, it was not filed until the twenty-fourth of November, 1855. For this neglect, it is insisted that the assignees should pay interest to the appellant on his dividend. If this neglect hindered or embarrassed, or delayed in any way the appellant from receiving his dividend from the time when it was due until he did receive it, then his dividend should draw interest, but not otherwise. How is the fact?

The accounts of the assignees are all correct. There is no objection interposed to their allowance by any creditor. The creditors all received their money when demand was made, and it was owing entirely to the neglect of the appellant that he did not receive his dividend. It was ready for him, but he did not choose to ask for it. He has received no injury— he has lost no interest—from the fact that the assignees were dilatory in filing their accounts. But he lost his interest because of his own negligence in not demanding the principal that was due to him.

It was said, in argument, that the filing of the final account is notice to the creditors that their dividends are ready. The statute intended it for no such purpose, and I cannot see that the court has any right to put such a construction upon it. It certainly appears very evident to me, in looking at all the facts as they are presented, that it is the appellant's own fault, and his only, that he did not receive his dividend. This being the case, I cannot see the propriety of allowing him interest.

The decree of the Orphans Court is affirmed.